**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 18, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GIOVANNI LARATTA,

       Plaintiff - Appellant,

    v.

ARISTEDES W. ZAVARAS;
ROBERT ALLEN; CHRIS BARR;
SUSAN JONES; JIM BROWN,

       Defendants - Appellees.

No. 11-1183

(D. Colorado)

(D.C. No. 1:09-CV-02498-REB-MEH)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff and appellant, Giovanni Laratta, a prisoner in the Colorado State Penitentiary ("CSP"), proceeding *pro se*, appeals the dismissal of his complaint against the defendants in his 42 U.S.C. § 1983 action.[1] For the following reasons, we affirm.

## BACKGROUND

We derive the basic undisputed facts from one of the two dispositive magistrate judge reports and recommendations entered in this case, which were adopted for the most part by the district court.[2] The factual portions of the reports and recommendations were adopted in full.

CSP is a maximum security/administrative segregation facility, and as such is the most secure and restrictive facility within the Colorado Department of Corrections ("CDOC"). As indicated, Mr. Laratta is imprisoned there. Prisoners in CSP are managed pursuant to Operational Memorandum ("OM") 650-100, which provides for increased levels of privileges for appropriate behavior and program compliance. Property belonging to prisoners is managed in accordance with CDOC Administrative Regulation ("AR") 850-06. AR 850-06(IV)(D)

---

[1]The defendants in this case are: Aristedes Zavaras, the Executive Director of CSP; Susan Jones, the Warden; Robert Allen, the Associate Warden; Chris Barr, a correctional officer; and Jim Brown, a correctional officer.

[2]There were other decisions entered by the district court, but the two major decisions provide most of the reasoning behind the ultimate dismissal of this case.

provides that "[a]fter initial processing, offenders will be permitted to acquire authorized personal property, through approved sources of supply and the CDOC Canteen, as long as the increase of property does not violate the personal property limitations." AR 850-06(IV)(D)(1)(b) further provides that "[t]he Canteen will be the sole source for all personal property items with the exception of books, magazines, legal papers, hobby craft items, health care items, and faith items . . . ."

Prisoners who receive mail must comply with the procedures in AR 300-38. AR 300-38(IV)(B)(8)(a) provides that "[a]ll censorable or rejected reading material shall be forwarded to the facility reading committee and disposed of pursuant to AR 300-26," the regulation regarding prisoner reading material. If a piece of mail is rejected, it "may be returned to the sender at the expense of the offender or disposed of at the discretion of DOC employees. The offender shall receive a written notification of the rejection utilizing the 'Notice of Rejection/Disposition of Mail'. . . within ten days of receipt of the item by DOC mailroom employees." Another regulation permits DOC employees to open any incoming or outgoing mail to inspect it. These regulations apply to the events giving rise to Mr. Laratta's case.

On or around December 10, 2008, the CSP mailroom received photographs that were intended for Mr. Laratta. Mr. Laratta's father claimed that he had mailed forty photographs to his son. CSP employees determined that the

photographs should be reviewed by the facility's reading committee. The photographs never, in fact, reached the committee; rather, they were inadvertently destroyed.

Mr. Laratta followed the CDOC grievance procedure to address the destruction of the photographs. At step 3 of the grievance procedure, a CSP grievance officer investigated Mr. Laratta's complaints and determined that he had received eight commercial photographs through the mail, that the photos were confiscated, placed in the Contraband Room and subsequently destroyed. The officer further determined that Mr. Laratta should have been given the opportunity to determine the disposition of the photos before their destruction, and that Mr. Laratta was entitled to reimbursement for the destroyed photos. Ultimately, Mr. Laratta's inmate account was credited with $8.00, the retail value of the photos.

On or about February 17, 2009, a utility calendar arrived in the CSP mailroom, intended for Mr. Laratta. At CSP, calendars are considered personal property and are subject to the restrictions contained in AR 850-06. Given that, by regulation, "[t]he Canteen will be the sole source for all personal property items . . .," the calendar was deemed to be contraband, inasmuch as it was not from the Canteen. Accordingly, on February 17, 2009, a Notice of Rejection/Disposition of Mail was issued to Mr. Laratta, indicating that the calendar was declared to be contraband and Mr. Laratta would need to designate

-4-

the proper disposition for it within ten days or the calendar would be disposed of pursuant to regulation. On February 23, 2009, Mr. Laratta executed the designation of disposition for the calendar, requesting that it be sent to his father. Mr. Laratta claims that correctional officer Jim Brown returned those documents to him on March 3, 2009, indicating that the calendar had been destroyed that day. Officer Brown claims Mr. Laratta failed to inform the mailroom staff of the desired disposition of the calendar within the ten-day limit. The calendar was, in fact, destroyed on March 3.

The final dispute involved the receipt by Mr. Laratta of paralegal correspondence course materials. Prisoners at CSP are not permitted to belong to any academic/educational correspondence courses. This restriction is based upon the maximum-security/administrative segregation nature of CSP and its programs aimed at changing prisoner behavior to prepare the prisoner to transition to a general population prison setting. Once a prisoner is out of CSP, he may participate in correspondence courses. These materials were accordingly confiscated.

Mr. Laratta filed the instant *pro se* civil rights complaint on October 23, 2009, alleging that his First, Fifth and Fourteenth Amendment rights had been violated by the defendants when they confiscated and/or destroyed his incoming mail. Upon initial review, the district court determined that Mr. Laratta failed to state due process claims for deprivation of his personal property, and it therefore

dismissed the Fifth and Fourteenth Amendment due process claims against all the defendants. The only remaining claims were the First Amendment claims against the named defendants. Mr. Laratta sought injunctive relief, compensatory damages and punitive damages.

Defendants Executive Officer Zavaras, Associate Warden Allen, and Warden Jones filed a motion to dismiss the complaint. They argued: (1) to the extent Mr. Laratta brought his claims against them in their official capacities, they were entitled to Eleventh Amendment immunity from suit; (2) to the extent Mr. Laratta brought his claims against them in their individual capacities, they were entitled to qualified immunity; (3) Mr. Laratta failed to allege their personal participation in the challenged conduct; and (4) Mr. Laratta has failed to state a claim for compensatory damages. Defendant correctional officer Barr filed an answer to the complaint. Defendant Brown was added as a defendant later on in the suit.

Mr. Laratta responded that he was only suing the defendants in their individual capacities; that he had adequately alleged personal participation; and that he was entitled to compensatory damages.

On May 6, 2010, Mr. Laratta filed a motion for leave to amend his complaint, seeking to add a First Amendment claim against correctional officer

Brown. He also wished to "clarify" his First Amendment claims against defendants Zavaras, Allen and Jones.[3]

The magistrate judge to whom the matter was referred carefully analyzed each claim and defense and, in a thorough 22-page report and recommendation, recommended that the defendants' motion to dismiss be granted in part and denied in part, and that Mr. Laratta's motion for leave to file an amended complaint be granted in part and denied in part. The district court adopted the report and recommendation in full.

This resulted in the following decisions: the defendants' motion to dismiss was **granted** as to (1) Mr. Laratta's claims for compensatory damages for mental or emotional injuries; (2) his claims against the defendants in their official capacities; (3) his claims against defendants Allen and Zavaras in their individual capacities; and (4) his claims against defendant Jones regarding her application of regulations in the denial of his grievance. The motion to dismiss was **denied** as to Mr. Laratta's claims against defendant Jones regarding her implementation of certain policies regarding mail. Furthermore, Mr. Laratta's motion for leave to file an amended complaint was **granted** as to (1) his request to amend his claims against defendant Jones regarding the mail policies; and (2) his request to amend

---

[3]These clarifications related to what particular steps in the grievance procedure each defendant allegedly participated in. Thus, Mr. Laratta made it clear that he challenged Associate Warden Allen's rejection of his claim at step 2 of the grievance procedure; Executive Director Zavaras' participation in step 3 of the grievance; and Warden Jones' involvement in step 1 of the grievance.

his complaint to add a claim against defendant Brown. The motion to amend was **denied** as to (1) his request to amend his claims against defendants Barr, Allen and Zavaras; and (2) his request to amend his claim against defendant Jones regarding her application of a regulation in connection with his grievance. This decision had the effect of removing defendants Zavaras and Allen completely from the law suit.

On December 2, 2010, the remaining defendants filed a motion for summary judgment, which again was referred to a magistrate judge. The defendants sought summary judgment on their argument that they were entitled to qualified immunity and they sought summary judgment on Mr. Laratta's claim of entitlement to punitive damages.

Once again, the magistrate judge, in a 26-page decision, thoroughly and carefully analyzed each claim as to each defendant, applying proper and familiar summary judgment standards. With respect to defendant Brown, the magistrate judge determined that, because Mr. Laratta had failed to demonstrate a First Amendment violation with respect to the destruction of the photographs, he recommended **granting** summary judgment on Mr. Laratta's First Amendment claims against Mr. Brown regarding the photographs, finding Mr. Brown entitled to qualified immunity. With respect to the claim regarding the calendar, the magistrate judge determined that a disputed issue of material fact remained

regarding Mr. Brown's entitlement to qualified immunity, so the judge recommended **denying** summary judgment on that claim.

With regard to defendant Jones, the magistrate judge recommended finding her entitled to qualified immunity as to Mr. Laratta's First Amendment claim concerning the paralegal correspondence course, and therefore **granting** her motion for summary judgment.

Finally, regarding Mr. Laratta's claims for punitive damages, the magistrate judge recommended **denying** defendants' motion seeking summary judgment on punitive damages for Mr. Brown's alleged destruction of the calendar. But because the court recommended dismissal of all other claims against Mr. Brown and Ms. Jones, the court recommended **granting** defendants' motion with respect to punitive damages as to these claims.

On review of this latest report and recommendation, the district adopted it in part and rejected it in part. Basically, the court rejected the magistrate judge's recommendation that Mr. Brown is not entitled to qualified immunity as to the calendar incident. It concluded that the First Amendment was not implicated in that series of events. Thus, the court concluded that Mr. Brown, like all the other remaining defendants, was entitled to qualified immunity on all of Mr. Laratta's claims. It therefore granted defendants' motion for summary judgment in its entirety, and dismissed Mr. Laratta's complaint with prejudice. This appeal followed.

**DISCUSSION**

After the many procedural twists and turns in this case, the district court ultimately dismissed Mr. Laratta's complaint entirely. As indicated above, each written decision resolving the pieces of this case was long, thorough and precise. We cannot improve on the reasoning and analysis provided by the district court. Accordingly, for substantially the reasons stated in its two decisions, adopting for the most part and rejecting in part the reports and recommendations by the magistrate judge, we affirm the dismissal.

**CONCLUSION**

The dismissal is AFFIRMED and appellant's motion to proceed *in forma pauperis* is denied. Appellant is ordered to immediately pay the remaining unpaid balance of the filing fee.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge